UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAIME CASTELLANOS-AVALOS,

                Petitioner,

     v.

NEIL CLARK,

                Respondent.

CASE NO.  C06-1562-JLR-JPD

REPORT AND RECOMMENDATION

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jaime Castellanos-Avalos, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by the United States Immigration and Customs Enforcement ("ICE").  (Dkt. #4).  Petitioner requests that this Court issue an order releasing him from custody.  Respondent has filed a cross-motion to dismiss, asserting that petitioner is lawfully detained under the Attorney General's discretion pursuant to Section 241 of the Immigration and Nationality Act ("INA").  (Dkt. #8).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #4) be DENIED and that respondent's cross-motion to dismiss (Dkt. #8) be GRANTED.

REPORT AND RECOMMENDATION
PAGE – 1

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico.  (Dkt. #11 at L41).  He first entered the United States in 1988 or 1989 without inspection when he was a child.  (Dkt. #11 at L72).

On February 10, 2001, petitioner's father, who is a lawful permanent resident, filed an I-130 petition for alien relative on behalf of his son.  (Dkt. #11 at L91).  On May 21, 2002, the U.S. Citizenship and Immigration Services ("USCIS") Nebraska Service Center issued a Notice of Action, indicating that the I-130 petition had been approved.  (Dkt. #11 at L91).  According to the Notice, petitioner qualifies for a Family Second Preference immigrant visa.  However, an immigrant visa will not be available to petitioner for several years.  *See* (Dkt. #17, Decl. of Julie Harrison); INA § 203(a), 8 U.S.C. § 1153(a).

On September 13, 2005, petitioner was convicted in the Superior Court of Washington for Grant County of Possession of Stolen Property in the Second Degree in violation of RCW 9A.56.160(1)(A), RCW 9A.08.020, and of Reckless Endangerment in violation of RCW 9A.36.050.  (Dkt. #11 at L26-40).

On September 14, 2005, ICE issued a Notice to Appear, charging petitioner with deportability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without being admitted or paroled.  (Dkt. #11 at L9-10).  In addition, ICE officials made an initial custody determination pursuant to INA § 236, 8 U.S.C. § 1226, and denied petitioner release on bond.  (Dkt. #11 at L5).  On October 23, 2005, petitioner, proceeding through counsel, filed a motion for bond with the Immigration Court.  (Dkt. #11 at L20).  On October 26, 2005, the Immigration Judge ("IJ") denied petitioner release on bond, finding that petitioner was subject to mandatory detention under INA § 236(c), 8 U.S.C. §

REPORT AND RECOMMENDATION
PAGE – 2

1226(c), because he had been convicted of a crime involving moral turpitude and "has no status." (Dkt. #11 at L23).

On November 25, 2005, the IJ issued an oral decision, ordering petitioner removed from the United States to Mexico. (Dkt. #11 at L63-69). Petitioner filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"), who dismissed the appeal without opinion on April 12, 2006. (Dkt. #11 at L121). On May 5, 2006, petitioner filed a Petition for Review and a Request for Stay of Removal with the Ninth Circuit Court of Appeals. The Ninth Circuit subsequently entered a stay of removal pending its review. Petitioner's Petition for Review remains pending with the Ninth Circuit. Ninth Circuit Case No. 06-72371.

On or about September 27, 2006, ICE conducted a post order custody review of petitioner's case. (Dkt. #11 at R63-72). The ICE reviewing officer recommended that petitioner remain detained pending the outcome of petitioner's petition for review. On September 29, 2006, ICE Field Office Director A. Neil Clark issued a letter informing petitioner that he would continue to be detained pending the result of his appeal before the Ninth Circuit. (Dkt. #11 at R72).

On October 30, 2006, petitioner filed the instant habeas petition, seeking release from detention during the pendency of his petition for review before the Ninth Circuit. (Dkt. #4). On December 8, 2006, respondent filed a return and cross-motion to dismiss. (Dkt. #8). On January 5, 2007, petitioner filed a response, Dkt. #14, and respondent filed a reply, Dkt. #13. On January 17, 2007, respondent filed a correction to the government's return and cross-motion to dismiss. (Dkt. #15). Petitioner filed a response to the government's correction on January 30, 2007. (Dkt. #16). Respondent filed the Declaration of Julie Harrison on January 31, 2007.

REPORT AND RECOMMENDATION
PAGE – 3

1   (Dkt. #17).  The habeas petition, Dkt. #4, and cross-motion to dismiss, Dkt. #8, are now ready

2   for review.

3                                        III.  DISCUSSION

4          A.      Petitioner is Subject to Mandatory Detention.

5          Section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, provides

6   the framework for the arrest, detention, and release of aliens in removal proceedings.  Once

7   removal proceedings have been completed, detention and release of the alien shifts to INA §

8   241, 8 U.S.C. § 1231.  The determination of when an alien becomes subject to detention under

9   Section 241 rather than Section 236 is governed by Section 241(a)(1).  INA § 241(a)(1)(B)

10  provides that:

11         The removal period begins on the latest of the following:

12         (i) The date the order of removal becomes administratively final.

13         (ii) If the removal order is judicially reviewed and if a court orders a stay of the
            removal of the alien, the date of the court's final order.

14

15         (iii) If the alien is detained or confined (except under an immigration process), the
            date the alien is released from detention or confinement.

16

17  8 U.S.C. § 1231(a)(1)(B)(emphasis added).  Thus, pursuant to Section 241(a)(1)(B)(ii), where

18  a court issues a stay of removal pending its review of an administrative removal order, the alien

19  continues to be detained under Section 236 until the court renders its decision.  *See Ma v.*

20  *Ashcroft,* 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed

21  pending judicial review, the ninety day period begins running after the reviewing court's final

22  order.); *see also Martinez v. Jaramillo v. Thompson*, 120 Fed. App'x 714, 717 (9th Cir. 2005)

23  (holding that where a stay of removal is granted pending judicial review, INA § 236 provides the

24  statutory basis for detention).  Here, the Ninth Circuit has issued a stay of removal pending its

25

26  REPORT AND RECOMMENDATION
    PAGE – 4

review of the BIA's decision.  "Because Petitioner's removal order has been stayed by the Ninth

Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and

Petitioner therefore is detained pursuant to INA § 236."  *Quezada-Bucio v. Ridge*, 317 F. Supp.

2d 1221, 1224 (W.D. Wash. 2004); *see also Bequir v. Clark*, 2007 WL 201108 (9th Cir. 2007)

(holding that because the petitioner petitioned for judicial review and the court of appeals stayed

his removal pending review, the petitioner's detention is pursuant to INA § 236(a)).

    INA § 236(c)(1) directs the Attorney General to take into custody any alien who:

    (A) is inadmissable by reason of having committed any offense covered in section
    1182(a)(2) of this title,

    (B) is deportable by reason of having committed any offense covered in section
    1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

    (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense
    for which the alien has been sentence [sic] to a term of imprisonment of at least 1
    year, or

    (D) is inadmissable under section 1182(a)(3)(B) of this title or deportable under
    section 1227(a)(4)(B) of this title, when the alien is released . . .

INA § 236(c), 8 U.S.C. § 1226(c).  Here, petitioner admitted the factual allegations contained in

the Notice to Appear and conceded he was removable from the United States pursuant to INA §

212(a)(6)(A)(i).  (Dkt. #11 at L65).  Additionally, petitioner conceded that in September 2005,

he was convicted of possession of stolen property in the second degree and reckless

endangerment.  (Dkt. #11 at L64).  Accordingly, petitioner is subject to mandatory detention

under INA § 236(c)(1)(A), because he was convicted of a crime involving moral turpitude.


    B.    Petitioner is Not Indefinitely Detained.

    Petitioner argues that he is being held indefinitely, in violation of *Zadvydas v. Davis*, 533

REPORT AND RECOMMENDATION
PAGE – 5

U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and that he must be released because there is no significant likelihood that he will be removed in the reasonably foreseeable future. (Dkt. #4 at 4-5). Respondent argues that petitioner's detention is neither indefinite nor unlawful. (Dkt. #8 at 7).

The post-removal-order detention statute, INA § 241(a)(1), 8 U.S.C. § 1231(a)(1), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months. This three months may be followed by an additional three months discretionary detention during which detention remains presumptively valid. *Zadvydas*, 533 U.S. at 701. In *Zadvydas*, the Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no reasonable likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

Petitioner's reliance on *Zadvydas* is misplaced because, as discussed above, the 90-day removal period has not yet commenced. Moreover, petitioner has not demonstrated that his removal to Mexico is not significantly likely in the reasonably foreseeable future. *See Zadvydas* at 701. As indicated in the record, ICE does not need a travel document to remove petitioner to Mexico. (Dkt. #11 at R67). Thus, the only thing preventing petitioner's removal is his Petition for Review and related stay of removal. Once the Ninth Circuit decides his appeal, ICE will remove or release petitioner. *See Bequir v. Clark*, Case No. 05-1587-RSM-JPD (Dkt. #23 at 3). Thus, contrary to the petitioner in *Zadvydas*, petitioner's detention is neither "indefinite" nor "potentially permanent." *Zadvydas*, 533 U.S. at 690-91. Accordingly, petitioner has failed to

REPORT AND RECOMMENDATION
PAGE – 6

1    make a threshold showing of indefinite detention.

2         C.    Petitioner's Substantive Due Process Claim Lacks Merit.

3         Petitioner asserts that his "detention without an individualized determination infringes on

4    the fundamental right to liberty and violates substantive due process."  (Dkt. #4 at 12).

5    Respondent argues that petitioner fails to demonstrate illegal detention and that petitioner's

6    substantive due process argument is contrary to the law.  (Dkt. #8 at 6).

7         It is undisputed that "the Due Process Clause applies to all 'persons' within the United

8    States, including aliens, whether their presence here is lawful, temporary, or permanent."

9    *Zadvydas*, 533 U.S. at 693 (citations omitted).  Furthermore, an alien's freedom from

10   imprisonment "lies at the heart of the liberty that the substantive due process clause protects."

11   *Id.* at 690.  The Supreme Court has specifically recognized, however, that "[d]etention during

12   removal proceedings is a constitutionally permissible part of that process."  *Demore v. Kim*, 538

13   U.S. 510, 523, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003) (holding that the mandatory

14   detention of criminal aliens during removal proceedings under INA § 236(c) is constitutionally

15   valid even where there has been no individualized determination as to the alien's risk of flight

16   and dangerousness to the community).  In *Kim*, the Supreme Court distinguished *Zadvydas*,

17   noting that in *Zadvydas*, "removal was no longer practically attainable" and that "the period of

18   detention at issue in *Zadvydas* was 'indefinite' and 'potentially permanent.'" *Id.* at 527-28.

19
20        As indicated above, petitioner's detention has a definite termination point, and thus is

21   neither "indefinite" nor "potentially permanent."  Upon completion of judicial review, petitioner

22   will be removed to Mexico or released.  Thus, petitioner's detention meets substantive due

23   process requirements.  *See Bequir*, 2007 WL 201108, *1 (citing Ma, 257 F.3d at 1099).

24

25
     REPORT AND RECOMMENDATION
26   PAGE – 7

1   Petitioner's substantive due process claim must therefore be dismissed.

2                                   IV.  CONCLUSION

3         For the foregoing reasons, I recommend that respondent's motion to dismiss be granted,

4   and that the action be dismissed.  A proposed Order accompanies this Report and

5   Recommendation.

6         DATED this 20th day of March, 2007.

7                                               _James P. Donohue_____

8                                               JAMES P. DONOHUE
                                                United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

    REPORT AND RECOMMENDATION
26  PAGE – 8